IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E._,<br><br>    Claimant<br><br>  v.<br><br>ANDREW SAUL, Acting<br>Commissioner of Social Security,<br><br>    Respondent. | No. 18 C 5307<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Claimant Michael E.[1] ("Claimant") seeks review of the final decision of Respondent Andrew Saul,[2] Acting Commissioner of Social Security ("Commissioner"), denying Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 6]. The parties have filed cross-motions for summary judgment [ECF Nos. 12, 19] pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, Claimant's Motion for Summary Judgment [ECF No. 12] is granted, and the Commissioner's Motion [ECF No. 19] is denied.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using her or her full first name and the first initial of the last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted Acting Commissioner of Social Security Andrew Saul as the named defendant.

## PROCEDURAL HISTORY

An application for SSI benefits was protectively filed on Claimant's behalf on October 1, 2014, as Claimant was under the age of 18 at the time. (R. 177-182). The claim was denied initially and upon reconsideration, after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R. 100-15). On March 13, 2017, Claimant, who by then had turned 18, appeared and testified at a hearing before ALJ Bill Laskaris. (R. 41-53). The ALJ also heard testimony at the hearing from Claimant's parents, Mark and Stephanie E., and vocational expert ("VE") Glee Ann L. Kehr. (R. 54-70).

On May 30, 2017, the ALJ denied Claimant's claim for SSI after considering his limitations as both a child and an adult. (R. 13-28). In assessing Claimant as a child, the ALJ followed the three-step evaluation process required by Social Security regulations for individuals under the age of 18. See 20 C.F.R. § 416.924(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the date his application was filed on October 1, 2014. (R. 17). At step two, the ALJ found that prior to turning 18 years old, Claimant had the following severe impairments under 20 C.F.R. 416.924(c): intellectual disability, autism spectrum disorder/Asperger syndrome, attention deficit hyperactivity disorder, and pervasive developmental disorder. (R. 18). At step three, due to the absence of medical records before Claimant turned 18, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. 416.920(d), 416.924, 416.925, and 416.926. (R. 18). After assessing six domains, the ALJ also found that Claimant did not have an impairment or combination of impairments that functionally equaled the listings in 20 C.F.R. 416.924(d) and 416.926(a). (R. 19-25). The six domains were as follows: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4)

moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. (R. 19-25). The ALJ concluded that Claimant did not have an impairment or combination of impairments that resulted in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning. Because of this determination at step three, the ALJ found that Claimant was not disabled under the Act prior to attaining the age of 18. (R. 25).

In finding Claimant not disabled as an adult, the ALJ's opinion followed the five-step evaluation process required by Social Security regulations for individuals over the age of 18. See 20 C.F.R. § 416.920(a)(4). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the date his application was filed on October 1, 2014. (R. 17, 27). At step two, the ALJ found that since turning 18 years old, Claimant has continued to have a severe impairment or combination of impairments as defined by 20 C.F.R. 416.9290(c). (R. 25). At step three, the ALJ determined that since attaining the age of 18, Claimant has not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 25-26). The ALJ then found Claimant had the residual functional capacity[3] ("RFC") to:

> "perform medium work as defined in 20 C.F.R. 416.967(c) except he is limited to simple, routine, repetitive tasks that are performed in a work environment free of fast-paced production requirements that involve only simple work-related decisions with few, if any, work place changes. He should only have brief and superficial interaction with supervisors and co-workers and no interaction with the public. Further, he must be reminded of tasks twice a day, which are quick reminders, not a re-demonstration."

(R. 26). Based on this RFC, the ALJ found at step four that Claimant had no past relevant work. (R. 27). Finally, at step five, the ALJ concluded that there were jobs that existed in significant

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

3

numbers in the national economy that Claimant can perform, such as laundry worker, janitor, and store laborer. (R. 27-28). Because of this determination at step five, the ALJ found that Claimant was not disabled under the Act as an adult. (R. 28). The Appeals Council declined to review the matter on June 5, 2018 (R. 1–3), making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court. 42 U.S.C. § 405(g); *see, e.g., Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel,* 530 U.S. 103, 106–07 (2000). Judicial review is limited to determining whether the ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *See Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted); *see also, Richardson v. Perales,* 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S. Ct. at 1154; *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *See Villano v. Astrue,* 556 F.3d 558, 562 (7th

Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant confines his arguments on appeal to the ALJ's findings after he attained the age of 18. To that effect, Claimant argues that the ALJ erred in four of his conclusions, none of which, according to Claimant, were harmless error. [ECF No. 12]. With respect to the RFC assessment and the ALJ's hypothetical to the VE, Claimant argues that neither adequately accommodated Claimant's limitations in concentration, persistence, and pace. Claimant further contends that the following two conclusions in the RFC were not supported by substantial evidence: (1) that Claimant required only quick reminders, not re-demonstrations, twice a day, and (2) that Claimant could perform work that involved Level 2 reasoning despite his difficulty in remembering and carrying out detailed instructions. Finally, Claimant argues that the ALJ failed to adequately explain why he did not adopt the limitations described by Claimant and his parents.

### I. The RFC Assessment and Claimant's Limitations in Concentration, Persistence, and Pace

Claimant argues that the ALJ failed to accommodate his deficiencies in concentration, persistence, and pace in both the RFC assessment and hypotheticals posed to the VE. All of Claimant's limitations must be incorporated into both the hypothetical posed to the VE and the ALJ's RFC assessment. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Specifically, the hypothetical must account for documented limitations of "concentration, persistence or pace." *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d

5

Cir. 2004). "Though an RFC assessment need not recite the precise phrase 'concentration, persistence, or pace,' any alternative phrasing must clearly exclude those tasks that someone with the claimant's limitations could not perform." *Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019) (citing *Moreno v. Berryhill*, 882 F.3d 722, 739 (7th Cir. 2018)).

In this case, the ALJ concluded that Claimant had "moderate limitation" regarding concentration, persistence, or maintaining pace. (R. 26). This conclusion was based on the ALJ's review of the medical evidence and hearing testimony, which demonstrated that Claimant had "frequent distractibility, difficulty sustaining attention, and difficulty with organizing tasks." (R. 25). Claimant also "needed reminders to do things, gave one-word answers to questions, and was very literal in his thinking." (R. 26). In evaluating Claimant as a child, the ALJ also observed that Claimant's autism "impaired his ability to self-initiate, as he would wait for someone to tell him to get started, continue to the next question, and to move on." (R. 21). Claimant "took an inordinate amount of time to complete his work, was easily distracted and would get upset if prompted to move faster in completing his work." (R. 21).

Claimant's medical history, made part of the administrative record on appeal, supports the ALJ's conclusion regarding Claimant's moderate limitations in concentration, persistence, or maintaining pace. Dr. Vida Dyson, Ph.D., examined Claimant on January 30, 2015 and noted that while Claimant "understands and is responsive to directions, [he] exhibits variable concentration and working memory." (R. 312). Dr. Howard Tin, Psy.D., similarly observed that Claimant had sustained concentration and persistence limitations, which included "moderate" limitations in his ability to carry out detailed instructions and maintain attention and concentration for extended periods. (R. 78). Dr. Donna Hudspeth, Psy.D., also concluded that Claimant could "remember locations or work-like procedures and can also understand and remember short simple

6

instructions" but had "difficulty remembering detailed instructions" and "maintaining attention and concentration for extended periods of time." (R. 94).

The ALJ's first hypothetical inquired if there were jobs available in the national economy assuming Claimant was limited to "simple, routine, and repetitive tasks, performed in a work environment free of fast paced production requirements, involving only simple work-related decisions with few if any work place changes, no interaction with the public and only brief and superficial interaction with coworkers and supervisors." (R. 68). The second hypothetical added an additional limitation of two simple reminders, not re-demonstrations, when Claimant would be "off task." (R. 69-70). Considering the above limitations, the VE opined there were jobs available to Claimant, provided he would not be off task for more than fifteen percent of the work period.

As shown above, the ALJ was aware of Claimant's limitations in concentration, persistence, and pace. Yet both the RFC and the hypotheticals given to the VE failed to properly consider them, nor did the ALJ connect the evidence to his conclusion through an accurate and logical bridge. *See, e.g., Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). While the ALJ did not use the words concentration, persistence, and pace in his hypothetical, he did attempt to use "alternative phrasing" to exclude tasks that someone with Claimant's documented limitations in concentration, persistence, and pace would not be able to perform. The following three restrictions in the ALJ's hypothetical were targeted towards concentration, persistence, and pace: (1) "simple, routine, and repetitive tasks," (2) "a work environment free of fast paced production requirements," and (3) receiving two simple reminders, not re-demonstrations, when Claimant would be "off task." The ALJ's restriction to "only simple work-related decisions with few if any work place changes, no interaction with the public and only brief and superficial interaction with coworkers and supervisors" deals with workplace adaptation, not concentration, persistence, and

7

pace. *Varga*, 794 F.3d at 815 ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); *see also, Mischler v. Berryhill*, 766 F. App'x 369, 376 (7th Cir. 2019); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018).

The Seventh Circuit has repeatedly explained that limiting Claimant's work to simple, routine, and repetitive tasks does not accommodate a moderate limitation in concentration, persistence, and pace. *DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019); *Radosevich v. Berryhill*, 759 Fed.App'x 492, 495 (7th Cir. 2019); *Paul v. Berryhill*, 760 Fed.App'x. 460, 465 (7th Cir. 2019); *Varga*, 794 F.3d at 814-15; *Yurt*, 758 F.3d at 858–59; *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir.2009) (emphasizing that the "Commissioner continues to defend the ALJ's attempt to account for mental impairments," i.e. limitations in concentration, persistence, or pace, "by restricting the hypothetical to 'simple" tasks,' and we and our sister courts continue to reject the Commissioner's position."); *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004). This is because, as the Social Security Administration has itself recognized, the "response to the demands of work is highly individualized," and therefore, "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job." SSR 85–15.

Here, there is no evidence in the record, nor did the ALJ explain, how Claimant's issues in maintaining attention and concentration for extended periods of time relate to whether a task is simple or complicated. (R. 78). Claimant's ability to stay on task is different than his ability to perform simple tasks, and the ALJ's limitation does not capture the former. *See, e.g., O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). Similarly, the ALJ did not provide any

guidance to the VE or this Court as to how the nature of a task – whether it is simple, routine, or repetitive – affects, beyond on a superficial level, the "inordinate amount of time" it takes Claimant to complete it. (R. 21); *see, e.g., Ramirez*, 372 F.3d at 554 (restriction to simple one or two-step tasks does not take into account deficiencies in pace where "[m]any employers require a certain output level from their employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time."). The ALJ's failure to recognize these distinctions and incorporate them into the hypothetical left the VE at an impermissible disadvantage in accurately assessing Claimant's work potential.

Nor does eliminating "fast paced production requirements" account for Claimant's limitations in pace, especially where, as here, the ALJ leaves that term undefined. *See, e.g., Varga*, 794 F.3d at 815 (finding the ALJ's hypothetical deficient and noting the ALJ's failure to define "fast-paced production" was "problematic" and rendered it "impossible" for the VE to accurately assess limitations in pace); *Mischler*, 766 F. App'x at 376 (failure to define "piecework" or "fast-moving assembly line work" "makes it impossible for a VE to assess whether a person with those limitations 'could maintain the pace proposed.'"); *DeCamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019) (rejecting restrictions of "unskilled work" with no "fast-paced production line or tandem tasks" "because there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."). Without definition, the term "fast paced production requirements" leaves both the VE and this Court to guess whether Claimant was capable of performing at the pace required of a laundry worker, janitor, or store laborer. If Claimant often suffers deficiencies in pace and this had been included in the hypothetical, the VE may have changed her answer as to whether there were jobs in the local or national economy that Claimant could perform. This is especially

9

true where eliminating fast paced production requirements was the only accommodation made for Claimant's limitations in pace, which included evidence that he took "an inordinate amount of time to complete his work" and became "easily distracted" and "upset if prompted to move faster in completing his work." (R. 21).

Finally, providing Claimant with "two simple reminders" during the work day is insufficient to capture all his limitations in concentration, persistence, and pace. As an initial matter, while reminders may relate to concentration and persistence, they do not account for pace, with which Claimant has documented issues. Furthermore, to the extent reminders may ameliorate issues with concentration and persistence, there is a disconnect between the limitations identified by the doctors and the ALJ's hypothetical to the VE. There is no evidence, nor does the ALJ explain, how receiving two reminders a day accounts for Claimant's impaired ability to self-initiate, stay on task, and move from one task to the next over a fixed schedule.

Perhaps recognizing the deficiency in the ALJ's opinion, the Commissioner's response makes little effort to explain how the RFC accommodated all of Claimant's limitations or illuminate the "logical bridge" between the RFC and the evidence. [ECF No. 20, p.5]. Instead, the Commissioner simply recites the language of the RFC and concludes, without case support or explanation, that the ALJ's "alternative phrasing" wholly captured Claimant's limitations in concentration, persistence, and pace. Notably, the Commissioner does not acknowledge the leading authority in this Circuit or cite any contrary precedent. Nor does the Commissioner explain why the hypothetical failed to include restrictions on, for example, Claimant's documented issues with ability to starting a task or moving onto the next one a task without continuous prompting. Without more, the Court cannot reconcile the ALJ's finding that Claimant had moderate limitation

regarding concentration, persistence, and pace with the accommodations in the RFC. Remand therefore is required.

## II. Remaining Claims

Because the Court is remanding on the error identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. The Commissioner, however, should not assume that the Court agrees with the ALJ's analysis of those issues. Similarly, Claimant should make no assumptions either. Rather, it is simply unnecessary for the Court to lengthen this Memorandum Opinion and Order by addressing Claimant's other arguments in a case that is being remanded anyway. This is particularly true where the Court's remand will affect the ALJ's RFC assessment and, as a result, the other issues Claimant has raised.

In conclusion, the Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to do what is necessary to build a logical bridge between the evidence in the record and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *see Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

For the reasons discussed above, Claimant's Motion for Summary Judgment [ECF No. 12] is granted, and the Commissioner's Motion [ECF No. 19] is denied. This matter is remanded to

the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 9, 2019